UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X
JEFFREY CONNELLY, JOSEPH LAPUMA
ANDREW SERRAO, as individuals, and
on behalf of all others similarly situated,

                        Plaintiffs,

   -against-

P.C. RICHARD & SON, INC., P.C. RICHARD &
SON, LLC, P.C. RICHARD & SON, L.I. CORP.,
along with their Subsidiaries and Affiliates.

                        Defendants.
————————————————————————X

**CLASS ACTION COMPLAINT**

Plaintiffs JEFFREY CONNELLY, JOSEPH LAPUMA and ANDREW SERRAO (hereinafter referred to collectively as "Plaintiffs"), by and through their undersigned counsel, the law office of Avallone & Bellistri, hereby file this Class Action Complaint, individually and on behalf of all other similarly situated persons, against Defendants P.C. RICHARD & SON, INC., P.C. RICHARD & SON, LLC, P.C. RICHARD & SON, L.I. CORP. (hereinafter referred to collectively as "Defendant P.C. Richard & Son"), and allege as follows:

## NATURE OF ACTION

1.    Plaintiffs file this class action lawsuit against Defendant P.C. Richard & Son for breach of material terms of a contract, and for violations of New York General Business Law § 349 and § 350.

2.    Plaintiffs and the proposed class members purchased gas appliances that were marketed and sold by Defendant P.C. Richard & Son. The gas appliances purchased from Defendant P.C. Richard & Son required safe and proper installation by a licensed plumber, duly

certified under the law to perform said installation. Defendant P.C. Richard & Son mislead Plaintiffs and the proposed class members who paid Defendant P.C. Richard for, and did not receive, legally sufficient installation of said gas appliances by a plumber licensed to complete this type of work.

3. Defendant P.C. Richard & Son misrepresented to its customers, comprised of Plaintiffs and the entire Proposed Class of similarly situated consumers, verbally by P.C. Richard & Son sales associates at the time of purchase, in writing as expressly stated in P.C. Richard & Son sales materials, and on the internet in P.C. Richard & Son's online marketing materials, that any and all installations paid for by its customers would be performed by installers, certified by Defendant P.C. Richard & Son as being duly-licensed, and therefore, able to complete the requisite work.

4. Defendant P.C. Richard & Son deceived and misrepresented to its customers by failing to perform the bargained and paid for services with installers who were lawfully capable of performing gas appliance installations, in strict violation of local laws and ordinances enacted by numerous cities, counties, towns and villages throughout the Tri-State metropolitan area.

5. For example, to the harm and detriment of its customers, P.C. Richard & Son repeatedly violated the following laws and ordinances, *inter alia*, which were enacted to protect the health and safety of service consumers: N.Y. Gen. City Law § 45, which states that "[I]t shall not be lawful in any city of this state for a person to conduct such trade, business or calling, unless he shall have first obtained a certificate of competency from such board of the city in which he conducts or proposes to conduct such business," N.Y. Gen. City Law § 45-b which states that "No person otherwise qualified shall engage in the trade, business or calling of a

plumber or of plumbing in a city of this state as employing or master plumber until he has first procured from the board of health or the examining board of plumbers if so designated by local law in such city or, in the city of New York, from the department of health, a metal plate or sign appropriately lettered or marked 'licensed plumber;' such plate or sign to be conspicuously posted in the window of the place where such business is conducted" and N.Y. Gen. City Law § 46 which states that "Every employing or master plumber carrying on his trade, business or calling in any city of this state shall register his name and address at the office of the board of health or the examining board of plumbers if so designated by local law of the city in which he shall conduct such business, under such rules as the respective boards of health or the local board of examining plumbers, in conjunction with the board of health of each of the cities shall prescribe, and thereupon he shall be entitled to receive a certificate of such registration, provided, however, that such employing or master plumber shall at the time of applying for such registration hold a certificate of competency from an examining board of plumbers;" New York City Administrative Code § 28-408.1 which states that it is illegal for any person to "perform plumbing work unless such person is a licensed master plumber or working under the direct and continuing supervision of a licensed master plumber…," New York City Administrative Code § 28-408 also states that it is unlawful "[t]o use the title licensed master plumber, master plumber or any other title in such manner as to convey the impression that such person is a licensed master plumber unless such person is licensed as such in accordance with the provisions of this article;" City of Long Beach Code § 21-3, which states that "The plumbing and drainage of all buildings…shall be performed only by a person who has obtained a certificate of competency from the examining board of plumbers;" Rockland County Code § 319-1(D), which states: "No person shall maintain, conduct, operate, advertise, engage in or transact business or activity as a

master plumber ... unless he or she or it is licensed therefore pursuant to this chapter;" Town of Hempstead Code § 86-36 which states "[n]o person shall engage in or conduct a business of maintaining, installing or altering, repairing or contracting to install, alter or repair any plumbing in the Town of Hempstead until such person shall apply for and obtain a master plumber's license to engage in such business as herein provided;" Town of Oyster Bay Code § 180-52 which states "It shall be unlawful for any person or entity, either directly or indirectly, to install, repair, alter or modify any plumbing or heating system or fixtures, or any sanitary, vent or potable water system, in the Town of Oyster Bay, without a master plumber's license, issued or recognized by the Town, being first procured and kept in effect pursuant to this chapter except for individuals who are employees of a person or entity who has a master plumber's license, duly issued by the Town of Oyster Bay;" Town of Southampton Code § 143-15 which states "All persons requiring a license from Suffolk County to engage in plumbing or electrical contractor business must obtain and maintain in effect at all times both a valid license from the Suffolk County Office of Consumer Affairs and a registration certificate from the Licensing Review Board prior to engaging in any such business within the Town of Southampton;" Village of Bellport Code § 10-21(c) which states "No independent contractor shall conduct or engage in any work defined herein as electrical field or plumbing field, inclusive of excavations or installation or removal of components or the like...without first obtaining and maintaining in effect a license therefor from the mayor of the Village of Bellport."

6.      Plaintiffs and the class members relied upon Defendant P.C. Richard & Son's verbal, written and cyber statements that its installers were duly licensed contractors, certified as capable of lawfully performing gas installations.

7. Plaintiffs and class members paid Defendant P.C. Richard & Son to have capable contractors lawfully perform installations of gas appliances. However, due to the aforementioned misrepresentations by Defendants, in violation of New York General Business Law § 349 and § 350, Defendant P.C. Richard & Son failed to employ licensed contractors, thereby violating numerous regulations, laws, rules and ordinances.

8. Despite certifying that legally sufficient, adequate and proper services were to be provided, Defendant P.C. Richard & Son knowingly, willingly and repeatedly deceived its customers by utilizing and employing installers who had not procured the necessary certifications, registrations and licenses.

## PARTIES

9. Plaintiff JEFFREY CONNELLY is a citizen of the State of New York, residing in the County of Nassau. Plaintiff purchased gas appliances and paid Defendant P.C. Richard & Son for installation to be completed by a licensed installer certified by Defendant P.C. Richard & Son. Plaintiff and the Proposed Class would not have purchased or paid Defendant P.C. Richard & Son a premium for installation had Plaintiff and the Proposed Class known that Defendant P.C. Richard & Son's claims, namely that gas appliances would be installed by licensed plumbers, were false, deceptive, and misleading.

10. Plaintiff JOSEPH LAPUMA is a citizen of the State of New York, who resides in the County of Suffolk. Plaintiff purchased a gas appliance and paid for installation by a licensed installer certified by Defendant P.C. Richard & Son. Plaintiff and the Proposed Class would not have purchased or paid Defendant P.C. Richard & Son a premium for installation had Plaintiff

and the Proposed Class known that Defendant P.C. Richard & Son's claims, namely that gas appliances would be installed by licensed plumbers, were false, deceptive, and misleading.

11. Plaintiff ANDREW SERRAO is a citizen of the State of New York, residing in the County of Nassau. Plaintiff purchased a gas appliance and paid for installation by a licensed installer certified by Defendant P.C. Richard & Son. Plaintiff and the Proposed Class would not have purchased or paid Defendant P.C. Richard & Son a premium for installation had Plaintiff and the Proposed Class known that Defendant P.C. Richard & Son's claims, namely that gas appliances would be installed by licensed plumbers, were false, deceptive, and misleading.

12. Defendant P.C. RICHARD & SON, INC. operates as a retailer of appliances, consumer electronics, and computer products, and provides for home and business delivery, including installation, of said appliances, electronics and computer products, including gas appliances.

13. Defendant P.C. RICHARD & SON, LLC operates approximately (66) electronics and appliance stores located in New York, New Jersey, Connecticut, Pennsylvania, Massachusetts and Maryland.

14. Defendants P.C. RICHARD & SON, INC and P.C. RICHARD & SON, LLC are headquartered in Farmingdale, New York. The majority of P.C. Richard stores are located in the State of New York. P.C. Richard is the largest chain of private, family-owned electronics and appliance stores in the United States. As of November 2011, P.C. Richard & Son had sixty-six (66) locations and approximately two-thousand-five-hundred (2,500) employees.

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendants because Defendants maintain a headquarters in Suffolk Country, New York, conduct business in New York and otherwise intentionally avail themselves of the markets in New York so as to render the exercise of jurisdiction by this Court proper. Defendants have marketed, promoted, distributed, and sold appliances in New York which is where the named Plaintiffs in this action purchased Defendants' products.

16.     Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue since the Defendants are subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

17.     This Court has Federal subject matter jurisdiction according to the Class Action Fairness Act (CAFA) of 2005 28 U.S.C. § 1332(d), based upon the following: (1) the proposed class has at least 100 putative class members; (2) the class asserts an aggregate amount in controversy of $5,000,000 or more; (3) minimal diversity exists; and (4) no CAFA exceptions apply. 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over State law claims pursuant to 28 U.S.C. § 1367.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs bring all causes of action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Rule 23 Class, consisting of:

> All persons who purchased gas appliances, paid for proper and legal installation of said gas appliances and had their gas appliances installed by non-licensed installers contrary to representations and advertising from Defendant P.C. Richard & Son from July 2014 through the date the Court

certifies the class (Rule 23 Class Period). **Excluded are Defendants and any corporations, partnerships, or other entities affiliated with them.**

19. The Class Action Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are several thousand Class Action Members during the Class Action Period.

20. The claims of Plaintiffs are typical of the claims of all Class Action Members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, as Plaintiffs may lack resources to vigorously prosecute a lawsuit in Federal Court against the Corporate Defendants, Plaintiffs lack access to attorneys, and lack knowledge of their claims.

21. Defendants have acted or refused to act on grounds generally applicable to the Class Action Members, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class Action Members as a whole.

22. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in consumer law and class action litigation.

23. Plaintiffs have the same interests in this matter as all other Class Action Members and Plaintiffs' claims are typical of all Class Action Members.

24. There are questions of law and fact common to all Class Action Members which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. Whether Defendants are responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the products;

b. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the services are deceptive and/or misleading;

c. Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

d. Whether Defendants made false and/or misleading statements to the Class concerning their services;

e. Whether Defendants' false and misleading statements were likely to deceive the Class Members;

f. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members;

g. Whether Defendants are liable for breach of contract;

h. Whether Defendants violated New York General Business Law § 349; and,

i. Whether Defendants violated New York General Business Law § 350.

## SUBSTANTIVE ALLEGATIONS

### PLAINTIFF JEFFREY CONNELLY

25. Plaintiff JEFFREY CONNELLY purchased several appliances from Defendants P.C. Richard & Son on or about July 31, 2017.

26. Appliances purchased by Plaintiff CONNELLY included a gas-range oven, a wine cooler, a refrigerator and a dish washer, among other products.

27. In total, Plaintiff CONNELLY, paid over $40,000.00 for appliances, delivery and installation from Defendants.

28. During the sales process, Defendants informed Plaintiff CONNELLY, through a sales associate and written sales materials that any installation purchased would be completed by licensed installers, as required by law, certified by Defendant P.C. Richard & Son as being capable of completing said work.

29. Defendants additionally made representations on their online materials previously viewed by Plaintiff CONNELLY that the installers would be certified by Defendant P.C. Richard & Son as being capable of lawfully performing the work paid for.

30. In or about August 2017, Defendants' representative arrived at Plaintiff CONNELLY's home to deliver and install the purchased appliances.

31. Plaintiff CONNELLY, himself a licensed plumber, spoke with Defendants' representative who stated to Plaintiff CONNELLY that he was *not* a licensed plumber in violation of local ordinances enacted to ensure the health and safety of consumers for the proper installation of gas appliances.

32. Plaintiff CONNELLY would not have paid Defendants for installation had he known that Defendants' certification that they would be using licensed installers was patently false and dishonest.

33. Plaintiff CONNELLY not only incurred installation expenses due to the misrepresentation of Defendants, but was also forced to inspect and ensure that installation of the purchased gas appliances was done properly utilizing his own time, expertise, and resources. This time and added expenses were only incurred due to the false statements and misleading advertising undertaken by Defendant P.C. Richard & Son.

## PLAINTIFF JOSEPH LAPUMA

34. Plaintiff JOSEPH LAPUMA purchased a washer and gas dryer from Defendants store located in Bayshore, New York on or around December 21, 2018.

35. Along with the two appliances, Plaintiff LAPUMA paid for installation to be completed by Defendants' representative who would deliver the products.

36. Plaintiff LAPUMA was informed by the store sales associate, by written sales materials, and from statements made on the Defendants' website, that Defendants certified that its installations were to be completed by duly licensed installers of gas appliances, as required by law.

37. In or around January 2019, Defendants' representative came to Plaintiff LAPUMA's residence in Brightwaters, New York to deliver and install the two appliances.

38. During the installation, Defendants' representative could not complete the installation. When asked by Plaintiff LAPUMA why he couldn't complete it, Defendants' representative stated that he was not a licensed plumber, in violation of local ordinances enacted to ensure the health and safety of consumers for the proper installation of gas appliances, that he couldn't snake the pipe as needed to complete the installation, and he informed Plaintiff LAPUMA that he would need to hire a plumber to snake the pipe before contacting Defendants to re-schedule the installation.

39. Plaintiff LAPUMA hired a licensed plumber and incurred the costs that accompanied the services performed, including the snaking of the pipe. Following this, Plaintiff LAPUMA contacted Defendants to re-schedule the installation. Defendants informed Plaintiff

LAPUMA that he would need to exercise his warranty to have the Defendants' "installer" return as the installation was not completed on the day of the delivery as agreed upon.

40. Plaintiff LAPUMA not only paid for the installation of a gas appliance based on the misrepresentations of Defendants, but was also forced to incur additional expenses of hiring a duly licensed plumber to install the washer and gas dryer and exercise the warranty due to the deceptive acts of the Defendants.

## PLAINTIFF ANDREW SERRAO

41. Plaintiff ANDREW SERRAO purchased a gas-range stove from Defendants' location in Bellmore, New York on or around September 24, 2018.

42. In addition to the appliance, Plaintiff SERRAO paid for installation of the appliance by Defendants' representative who would be delivering the appliance.

43. Defendants informed Plaintiff SERRAO through a store sales associate that the installation of the gas appliance would be completed by a licensed plumber, as required by law, and Defendant P.C. Richard & Son also stated in written sales materials that any installation would be done by an installer certified by Defendant P.C. Richard & Son to complete the work.

44. In or around October 2018, Defendants' representative came to deliver and install the appliance. Defendants used a local company, Duffy Installation, to deliver and install the gas-range product.

45. During the installation, the Duffy installer, sent as a representative of Defendant P.C. Richard & Son, informed Plaintiff SERRAO that he was not a licensed plumber, contrary to

Defendant P.C. Richard & Son's representation that they would certify proper and lawful installation of the gas appliance.

46. Following the installation, Plaintiff SERRAO was concerned over the quality of the installation and sought to find out more about the company used by Defendants. Upon looking into the matter, Plaintiff SERRAO was horrified to discovery that Duffy Installation was not listed as a licensed plumber in the Town of Hempstead, nor in the City of Long Beach. Defendants not only misled Plaintiff SERRAO in order to have him pay for installation, but acted in violation of local ordinances enacted to ensure the health and safety of consumers for the proper installation of gas appliances.

47. Plaintiff SERRAO would not have incurred the cost of installation had he known that Defendants' statements and representations were false and dishonest.

## **FIRST CAUSE OF ACTION**

### Breach of Contract

48. Plaintiffs incorporate by reference all the allegations of the preceding paragraphs of this Complaint.

49. The parties, for valuable consideration, entered into valid and enforceable written contracts of sale for goods and the performance of services by Defendants in return for monetary payments by Plaintiffs and the class.

50. Pursuant to the binding contracts, Defendants were to provide installers who were certified and licensed by Defendant P.C. Richard & Son to lawfully complete the requisite work that Plaintiffs paid for.

51. Pursuant to, and in reliance upon, said binding agreement with Defendants, Plaintiffs paid Defendants an additional sum of money, not less than $200.00, to have a licensed Plumber install and connect the gas pipes to the appliances and gas line.

52. In breach of the terms of the contract, Defendants provided to Plaintiffs and the proposed class members, installers who were not lawfully able to complete the requisite work that was paid for pursuant to the contract, and therefore constitutes a breach of contract.

53. Defendants breach of contract has caused monetary damages to the Plaintiffs and class members in an amount in excess of $10,000,000.00 plus reasonable attorneys' fees and disbursements.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

54. Plaintiffs incorporate by reference all the allegations of the preceding paragraphs of this Complaint.

55. Defendants were unjustly enriched as a result of Plaintiffs and other class members' payments to Defendants of the installation fee of a minimum of $200.00 for the installments of the gas appliances, yet never using licensed plumbers endangering the lives of their customers.

56. That as a result of the above, Defendants have been unjustly enriched in an amount in excess of $10,000,000.00 plus reasonable attorneys' fees and disbursements.

## **THIRD CAUSE OF ACTION**

Violation of New York General Business Law § 349

57. Plaintiffs incorporate by reference all the allegations of the preceding paragraphs of this Complaint.

58. New York General Business Law § 349 (NYGBL § 349) declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state…"

59. The conduct of Defendants alleged herein constitutes "unlawful" deceptive acts and practices in violation of NYGBL §349, and as such, Plaintiff and the Class Members seek monetary damages and the entry of preliminary and injunctive relief against Defendants, enjoining them from inaccurately describing, marketing and promoting their services.

60. Defendants misleadingly, inaccurately and deceptively present their services to consumers.

61. Defendants' misleading, inaccurate and deceptive statements induced Plaintiffs and Class Members to pay a premium for Defendants' services. Defendants made their untrue and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

62. Plaintiffs and Class Members have been injured inasmuch as they paid a premium for the service that was contrary to the Defendants' representations. Plaintiffs and Class Members paid for licensed installers certified by Defendant to lawfully complete the paid for work, and were provided with workers who were not lawfully able to perform such work.

63. Defendants' advertising and representations induced Plaintiffs and Class Members to pay a premium to them for their services.

64. Defendants' deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law § 349(a) and Plaintiffs and the Class Members have been damaged thereby.

65. As a result of Defendants' recurring, "unlawful" deceptive acts and practices, Plaintiffs and the Class Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, plus interest, and attorneys' fees and costs.

## FORTH CAUSE OF ACTION

Violation of New York General Business Law § 350

66. Plaintiff incorporates by reference all the allegations of the preceding paragraphs of this Complaint.

67. The acts of Defendants, as described above, and each of them, constitute unlawful, deceptive and fraudulent business acts and practices.

68. New York General Business Law § 350 provides: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

69. GBL § 350-a defines "false advertising," in relevant part, as "advertising, including labeling, . . . if such advertising is misleading in a material respect."

70. Plaintiff and the members of the Class are consumers who purchased the Products from Defendants within New York State.

71. As sellers of goods to the consuming public, Defendants are engaged in the conduct of business, trade, or commerce within the intended ambit of GBL § 350.

72. Defendants' representations made by statement, word, design, device, sound, or any combination thereof, and also the extent to which Defendants' advertising fails to reveal material facts with respect to their services, as described above, constitute false advertising in violation of the New York General Business Law.

73. Defendants' false advertising was knowing and intentional.

74. Defendants' actions led to direct, foreseeable and proximate injury to Plaintiff and the Class.

75. As a consequence of Defendants' deceptive marketing scheme. Plaintiff and the other members of the Class suffered an ascertainable loss, insofar as they would not have paid the service had the truth been known, or would have paid for the service on different terms, or would otherwise pay for a competing service, and as a result of Defendants' conduct, Plaintiffs and the Proposed Class received a service of less value than what they paid for.

76. By reason of the foregoing, Defendants are liable to Plaintiff and the other members of the Class for monetary damages, injunctive relief, attorneys' fees, and the costs of this suit.

77. Plaintiff and the other members of the Class further seek to enjoin the false advertising described above.

78. Absent injunctive relief, Defendants will continue to deceptively market the Products.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs' demand judgment on behalf of themselves and the proposed Class providing such relief as follows:

1. For certification of the Class;

2. An Order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Defendants as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein;

3. Grant Plaintiffs and Class Members restitution, disgorgement, refund, and/or other monetary damages, together with costs and disbursements, including reasonable attorneys' fees pursuant to the applicable statutes and pre-judgment and post-judgment interest at the maximum rate allowable by law;

4. Grant Plaintiffs and Class Members Injunctive relief and statutory or actual damages in excess of $10,000,000.00 pursuant to New York General Business Law § 349 and common law, enjoining Defendants' unlawful and deceptive acts;

5. Grant Plaintiffs and Class Members Injunctive relief and statutory or actual damages in excess of $10,000,000.00 pursuant to New York General Business Law § 350;

6. Grant Plaintiffs and Class Members damages in the amount in excess of $10,000,000.00 as to the First Cause of Action;

7. Grant Plaintiffs and Class Members damages in the amount in excess of $10,000,000.00 as to the Second Cause of Action;

8. Punitive damages in accordance with proof and in an amount consistent with applicable precedent; and

9. For such further relief as this Court may deem just and proper.

## JURY TRIAL

Plaintiffs request a jury trial on all questions of fact raised by the Complaint.

Dated: Lake Success, New York
July 10, 2020

Yours, etc.
AVALLONE & BELLISTRI, LLP

By: *[signature]*
Rocco G. Avallone
Christopher F. Bellistri
*Attorneys for Plaintiffs and Putative Collective Class*
3000 Marcus Avenue, Suite 3E7
Lake Success, NY 11042
(516)986-2500
ravallone@lawyersab.com
cbellistri@lawyersab.com